IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOSEPH MILLER #127380       * <br>     Plaintiff <br>                                              * <br> v.                                    CIVIL ACTION NO.  ELH-11-3592 <br>                                              * <br> SOCIAL SECURITY ADMINISTRATION, <br> et al.,                             * <br>     Defendants <br>                                            ****** | |

**MEMORANDUM**

On December 14, 2011, the Clerk received for filing a civil rights complaint from plaintiff Joseph Miller, plaintiff.  Mr. Miller does not challenge his commitment to Springfield Hospital Center ("Springfield"), a mental institution operated by the Maryland Department of Health and Mental Hygiene ("DHMH"), nor does he complain about the conditions of confinement there. Instead, his complaint, as supplemented, alleges that his Supplemental Security Income benefits ("SSI") should not have been suspended on December 1, 2011, because at that time his admission had not lasted the requisite 30 days.  ECF Nos. 1 and 4.

Although not a party to this action, the Maryland Attorney General graciously complied with the court's request to provide information concerning plaintiff's status.  Based on the documents received (ECF No. 8) and information gleaned from the Maryland state court electronic docket,[1] it appears that plaintiff was arrested on October 26, 2011, and charged in the District Court for Montgomery County, Maryland with one count of fourth-degree burglary, two counts of indecent exposure, and one count of urinating in public, for which he was confined in the Montgomery County Detention Center ("Detention Center").  On October 27, 201, a district court judge ordered plaintiff held without bail, committed him to DHMH for a competency

---

[1] *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=4D00275552&loc=23&detailLoc=DSCR.

evaluation, ordered him held at the Detention Center until completion of the evaluation, and ordered he be returned to court on November 3, 2011.  It appears that plaintiff was moved from the Detention Center to Springfield on November 3 or November 6, 2011.  On December 6, 2011, the district court determined that plaintiff was incompetent to stand trial, released him from commitment to the Detention Center, and continued his commitment to DHMH.  He continues to be treated at Springfield.  The underlying criminal charges against petitioner remain pending and a further hearing is set for March 23, 2012.[2]

Under 42 U.S.C. § 1382(e)(1)(A), an individual becomes ineligible to receive SSI for "any month if throughout such month he is an inmate of a public institution."  The limitation covers those confined in a jail, prison, penal institution or correctional facility,[3] as well as those "confined by court order in an institution at public expense in connection with a verdict or finding that the individual is not guilty of such an offense by reason of insanity" or "a similar verdict or finding with respect to such an offense based on similar factors (such as mental disease, a mental defect, or mental incompetence)."[4]

Plaintiff entered pretrial detention at a jail on October 26, 2011, was found incompetent to stand trial on December 6, 2011, and thereafter transferred from the jail to a mental hospital where he remains pending a March, 2012 hearing.  Therefore, plaintiff was not entitled to SSI payment on December 1, 2011, as he had been held in detention and/or in a mental institution, at public expense, for a combined period extending beyond 30 days.

---

[2] The electronic docket notes that plaintiff will be represented by the Office of the Public Defender.  Although not at issue here, it appears that plaintiff's commitment is in accord with Maryland law.  *See* Md. Code, Crim. Proc. Article, §§ 3-104 through 3-108.

[3] *See* 42 U.S.C. § 1382(e)(1)(H).

[4] *See* 42 U.S.C. § 402(x)(1)(A)(ii)(II)(IV).

Accordingly, plaintiff's complaint fails to state a claim upon which relief may be granted. It shall therefore be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), by separate Order which follows.

February 28, 2012                  /s/
(Date)                                       Ellen L. Hollander
                                             United States District Judge